UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| Christopher Dingess, and<br>Tiffany Dingess, Husband and Wife<br><br>Plaintiffs,<br>vs.<br><br>The Sygma Network, Inc., et al.<br><br>Defendants. | Civil Action No. 2:22-cv-00275<br><br>Judge Thomas E. Johnston |

**OPPOSITION TO PLAINTIFFS'
STATEMENTS OF VISITING ATTORNEYS**

Now comes, Defendant The Sygma Network, Inc. ("Sygma") and in opposition to Plaintiffs' Statements of Visiting Attorney for Kelli Lester and Kevin Clancy Boyland (ECF Nos. 188 and 190), states the following:

Good cause exists to revoke Ms. Lester's and Mr. Boyland's privilege of being Visiting Attorneys in this matter. The admission of these new attorneys is prejudicial to the Defendants and should not be permitted to stand. The newly admitted attorneys have altered the mediation and discovery strategy agreed upon by the Parties, relied upon by the Defendants, and represented to the Court by Plaintiffs' original (and still current) counsel. In conjunction with the new co-counsel's appearances, Plaintiffs have also sought to amend Plaintiffs' Complaint to add new legal theories to the case 21 months after suit was filed; well over a year after Sygma's discovery responses relevant to this claim were served without objection; after the close of expert disclosures; just one month before the end of discovery; and just four months before trial. Plaintiffs and their proposed new counsel now seek to essentially start discovery from scratch, a strategy that will necessitate an entirely new case schedule if the Court permits it.

Sygma also incorporates by reference its Memorandum in Opposition to Motion for Leave to File Third Amended Complaint.

1

Accordingly, Sygma requests that the Court revoke their privilege to be a visiting attorney in this matter.

## I. The agreed upon mediation and discovery plan.

The Complaint was initially only filed against Sygma and was removed to this Court on June 30, 2022. (Compl. ECF No. 1, Exhibit 1.) The Second Amended Complaint was filed on January 9, 2023. (ECF No. 28.) The Parties have engaged in discovery, inspections, and motions practice in earnest.

In January of 2024, the Parties conferred and recognized the value of the Parties engaging in mediation before the additional resources of continued litigation were expended. The Parties cooperatively selected a mediator and a date for said mediation – March 11, 2024. (ECF No. 181.) The Parties followed that up with a Joint Motion to this Court seeking additional time under the Scheduling Order to permit them the opportunity to hold off on additional discovery pending the outcome of mediation. (ECF No. 182 ("So as not to incur unnecessary costs, the parties have agreed to delay the remaining depositions until after mediation.")) The Motion was granted. (ECF No. 183.)

Accordingly, Sygma has not engaged in additional discovery and has instead worked to prepare itself to engage in good faith negotiations, including the scheduling of Sygma's representative to travel from Texas to attend the mediation in person. The Parties also worked together to schedule the Rule 30(b) depositions of the corporate parties and requested experts for the month after the mediation in case a resolution was not reached.

## II. Events on February 29, 2024 through March 6, 2024

On February 29, 2024, Kelli Lester filed a Statement of Visiting Attorney on behalf of Christopher Dingess. (ECF No. 188.) Ms. Lester is from Bowling Green, Kentucky. On March 1, 2024, Kevin Clancy Boyland also filed a Statement of Visiting Attorney for Mr. Dingess as well. (ECF No. 190.) Mr. Boyland is from Philadelphia, Pennsylvania.

Also filed on March 1, 2024 was a Motion for Leave to File Third Amended Complaint (ECF No. 189).

On March 4, 2024, only a week before the mediation that had been scheduled for a month-and-a-half, Mark Troy sent an email unilaterally cancelling the mediation. (Email from M. Troy to E. McQuain, et al (March 4, 2024) attached as "Exhibit A".") In that email, Mr. Troy "introduced" the additions to the litigation team[1], referenced the filed Motion to Amend, and indicated that "The new team assembled has concluded that certain matters to be addressed in the scheduled 30(b) depositions need to be fleshed out before mediation would be productive." (*Id.*) The Plaintiffs' "new team" – a series of out-of-state lawyers who, until the business day prior had played no visible role in the case, had apparently determined that without additional discovery, mediation would potentially be counterproductive. (*Id.*)

This email was followed up by another email on March 6, 2024 seeking the Defendants' agreement to seeking yet another Scheduling Order,:

> As you know, we have decided, as counsel for Plaintiffs, that it would be best to take the depositions of the Defendants' 30(b) reps before we proceed with mediation. We also believe that it would make sense to complete these depositions before taking expert depositions, and we would certainly think that you would want to hold off on deposing our experts—at least our liability experts—until after the 30(b) depositions are complete to the extent that those depositions may impact our experts' opinions.

(Email from M. Troy to E. McQuain, et. al. (March 6, 2024), attached as "Exhibit B."). In addition to changing all prospective case deadlines, the email also proposed to re-open expert disclosures, a set of deadlines that passed months ago. (*Id.*)

### III. The Court has the authority to revoke the privilege of being a Visiting Attorney

The issue of admission pro hac vice is a matter within the discretion of the Court. Indeed, this Court has determined that one need only follow the procedures set forth in the Local Rules

---

[1] In Mr. Troy's email cancelling mediation, he also indicated that Jeff Humphries has also "joined the litigation team." To the extent Mr. Humphries also files a Statement of Visiting Attorney, Sygma's objections would equally apply to his admission.

and file a Statement of Visiting Attorney to be admitted. However, the Local Rules also provide that "For good cause, the presiding district judge may revoke the privilege of an attorney to be a Visiting Attorney in one or more specified cases." Local Rule Civil Procedure 83.6(f).

Good cause exists in this matter.

### IV.     **The prejudice to the Defendants**

It is clear that the timing of these Statements of Visiting Attorneys with the Motion for Leave to File Third Amended Complaint are related. While no reason was provided for the addition of Plaintiffs' fourth, fifth and sixth attorneys of record to this matter at such a late point, it has been made abundantly clear that these new co-counsel have now altered the trajectory of this matter significantly, even rendering previous representations made by Mr. Troy to this Court and relied upon by the parties to be no longer valid. Indeed, Mr. Troy's email demonstrates this clearly: "The new team assembled has concluded that certain matters to be addressed in the scheduled 30(b) depositions need to be fleshed out before mediation would be productive." In direct contradiction of the mediation and discovery plan relied upon by the parties, the Plaintiffs' "new team" determined that without the discovery mediation would potentially be counterproductive.

Additionally, this "new team" has sought to amend the Complaint and add entirely new legal theories shortly before trial, after substantial and significant discovery has already been conducted, including all expert disclosures. This action is highly prejudicial to Defendants. (*See* Sygma's Memo in Opp. To Motion to Amend.)

Justice is not served by permitting out of state attorneys to arrive in this matter at the eve of trial that seek to amend the Complaint to allow them to pursue entirely new legal theories of the case. Furthermore, to render representations and agreements made between counsel unreliable after the Defendants have spent a month-and-a-half acting in reliance on those representations is highly prejudicial. These late hour pro hac admissions are clearly prejudicial to Defendants and provide the good cause to revoke them.

**V.     There is no prejudice to the Plaintiffs to revoke the admissions**

There is no prejudice to Plaintiffs to revoke the pro hac admissions. This is not a situation in which counsel is being substituted or previous counsel is no longer available to act as counsel. Indeed, Mr. Troy is continuing on this matter as evidenced by his role as local counsel for these attorneys. Given the rigorous requirements of the West Virginia State Bar for pro hac admission that all pro hac counsel in this District are also required to follow, Mr. Troy has "joint responsibility with the out-of-state lawyer to the client, other parties, witnesses, other counsel and to the tribunal" in this matter and will still appear personally on all conferences, hearings, trials, and other proceedings. WV Rules for Admission to the Practice of Law 8.0(b).

Revoking the pro hac admissions will certainly not result in any harm to Plaintiffs. Mark Troy has been lead counsel in this matter since its inception. Mr. Troy's skill and experience as a West Virgina litigator are known to both Sygma's counsel and, no doubt, the Court. Mr. Troy has been aided by Benjamin Adams and Shea Conley with his firm, who have 14 and 29 years of litigation experience, respectively. Mr. Adams and Mr. Conley have, through the entirety of this litigation, also proven to be capable, knowledgeable litigators. Plaintiffs will continue to be well served by their counsel absent the pro had admissions.

For these reasons, Sygma requests that this Court revoke Ms. Lester's and Mr. Boyland's privilege of being Visiting Attorneys in this matter and any other relief this Court deems appropriate.

    Respectfully submitted,

*/s/ Elise N. McQuain*
William M. Harter (W. Va. Bar No. 7977)
Elise N. McQuain (W. Va. Bar No. 12253)
Frost Brown Todd LLP
10 West Broad Street, Suite 2300
Columbus, OH 43215
614-464-1211 / 614-464-1737 (Fax)
wharter@fbtlaw.com
emcquain@fbtlaw.com
*Attorneys for Defendant The Sygma Network, Inc.*

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| Christopher Dingess, and : | |
| Tiffany Dingess, Husband and Wife : | |
| : | |
| Plaintiffs, : | Civil Action No. 2:22-cv-00275 |
| vs. : | |
| : | Judge Thomas E. Johnston |
| : | |
| The Sygma Network, Inc., et al. : | |
| : | |
| Defendants. : | |
| : | |

## **CERTIFICATE OF SERVICE**

A true and accurate copy of **OPPOSITION TO PLAINTIFFS' STATEMENTS OF VISITING ATTORNEYS** was filed with the Court's ECF this 11th day of March which served a copy, to counsel of record.

                                                          Respectfully submitted,

                                                          */s/ Elise N. McQuain*
                                                          William M. Harter (W. Va. Bar No. 7977)
                                                          Elise N. McQuain (W. Va. Bar No. 12253)
                                                          Frost Brown Todd LLP
                                                          10 West Broad Street, Suite 2300
                                                          Columbus, OH 43215
                                                          614-464-1211 / 614-464-1737 (Fax)
                                                          wharter@fbtlaw.com
                                                          emcquain@fbtlaw.com
                                                          *Attorney for Defendant*

0114928.0759380   4864-1797-3164v1