**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHRISTOPHER DINGESS,

           Plaintiff,

v.                              CIVIL ACTION NO.  2:22-cv-00275

THE SYGMA NETWORK, INC.,

           Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs Christopher Dingess and Tiffany Dingess' (collectively, "Plaintiffs") Motion for Leave to File Third Amended Complaint, (ECF No. 189), and Motion to Amend Scheduling Order, (ECF No. 211).  For the reasons set forth below, both motions are **DENIED**.

### I.     BACKGROUND

This action arises out of a car accident that occurred on March 10, 2022.  (ECF No. 28 at 4, ¶ 13).  On that date, Plaintiff Christopher Dingess alleges that he was run off the road when a tractor trailer "performed an abrupt, illegal U-turn in front of" him.  (*Id.*)  The alleged result of this maneuver was that Mr. Dingess went "through a guardrail, and into a deep ravine."  (*Id.*)  Though Defendant The Sygma Network, Inc. ("Sygma") is alleged to have owned the truck which caused the accident, Mr. Dingess claims the driver was one of "RSS's and/or MSS's agents and/or employees."  (*Id.*)  Specifically, Defendant Vontize Conerly—an employee of Regional

1

Supplemental Services, Inc. ("RSS")[1] and/or Management Specialty Services 109, Inc. ("MSS")—
is purported to have been driving the truck.  (*Id.*)

Plaintiffs initiated this action by first filing a complaint in Mingo County, West Virginia,
which was removed to this Court.  (*See* ECF No. 1.)  Initially, only Sygma was named as a
defendant, and the complaint only contained claims of negligence, reckless operation of a motor
vehicle, negligent failure to render aid, and reckless failure to render aid/fleeing scene of a crash.
(ECF No. 1-1.)  Plaintiffs filed their First Amended Complaint on August 2, 2022, (ECF No. 8).

On October 25, 2022, Sygma provided its first responses to written discovery.  (ECF No.
22.)  Sygma then supplemented those responses on December 2, 2022.  (ECF No. 25.)  Among
other things, Plaintiffs' requests sought specific information about the driver, including the driver's
training, (ECF No. 191-1, at RFP 4); guidelines issued to the driver, (*Id.* at RFP 5); company safety
rules issued to the driver, (*Id.* at RFP 6); the personnel file of the driver, (*Id.* at RFP 7); the
qualification file of the driver (*Id.* at RFP 8); training and driver orientation programs for the driver
(*Id.* at RFP 22); citations or disciplinary actions against the driver (*Id.* at RFP 23); and training
materials provided to the driver (*Id.* at RFP 37).  Sygma objected to discovery beyond their control
and objected as irrelevant any expansion of requests related to other trucks or drivers, but
otherwise, Sygma responded to each of the requests.  (ECF No. 191-1.)  At the time, Sygma also
provided the operative agreement between them and RSS/MSS, along with a supplemental
response stating that "[b]oth drivers were provided to Sygma pursuant to the Agreement . . . .
According to the terms of that Agreement, all such responsibilities related to the subject drivers

[1] RSS was recently dismissed with prejudice from this action on May 17, 2024, (ECF No. 269), based on a stipulation
of dismissal filed by the parties, (ECF No. 255).  However, for the sake of completeness, and because the proposed
Third Amended Complaint predates the stipulation of dismissal, the Court discusses the proposed Third Amended
Complaint including allegations against RSS.

rested with Management Specialty Services."  (ECF Nos. 191 at 3; 191-1 at RFP 3.)

Approximately two weeks later, Plaintiffs moved to amend their complaint and Sygma did not object.  (ECF No. 26.)  Plaintiffs' Second Amendment Complaint ("SAC") was filed on January 9, 2023.  (ECF No. 28.)  With their SAC, Plaintiffs added additional Defendants Vontize Conerly, RSS, and MSS.  (ECF No. 28.)

On August 9, 2023, Sygma responded to MSS's Second Set of Combined Discovery Requests.  (ECF No. 106.)  In their Requests, MSS sought information regarding what tests and/or inspections were performed on drivers that were assigned to Sygma, (ECF No. 191-2, at ROG 8), and what instructions related to U-turns were given to drivers assigned to Sygma, (*Id.* at ROG 9). Sygma objected on various grounds before responding to both Requests.  Shortly thereafter on August 28, 2023, Sygma provided responses to Mr. Dingess' Third Set of Interrogatories.  (ECF No. 115.)  In his interrogatories, Mr. Dingess sought information regarding how drivers were obtained from RSS or MSS, including how those drivers were deemed properly trained and qualified, how they were selected, and how Sygma assigned routes to the drivers.  (ECF No. 191-3 at ROG 1, 2.)  Additionally, Mr. Dingess requested information relating to how the drivers provided to Sygma by RSS and MSS were directed or controlled by Sygma or RSS and MSS while driving and making deliveries.  (*Id.* at ROG 2.)  Sygma responded, limiting its response to the Columbus, Ohio location in March 2022.  (*Id.*)

On March 1, 2024, Plaintiffs filed the pending Motion for Leave to File Third Amended Complaint, (ECF No. 189).  Currently, the SAC alleges Count One as Negligence.  The proposed Third Amended Complaint alleges that Defendant Conerly was an "employee" of Sygma, RSS, and MSS pursuant to 49 C.F.R. § 390.5.  (ECF No. 189-1 ¶ 6.)  It further clarifies Plaintiffs'

theories of liability by splitting the negligence count into "Negligent Operation of a Motion Vehicle" (Count One), "Negligent Hiring, Instructing, Training, Supervising and Retaining Operators and Others" (Count Five), and "Gross Negligence and Willful, Wanton, and Reckless Misconduct in Hiring, Instructing, Training, Supervising, and Retaining Operators and Others" (Count Six). (*Compare* ECF No. 28, ¶¶ 12–15 *with* ECF no. 189-1, ¶¶ 12–15, 26–36.)   This proposed Third Amended Complaint was filed almost one year after the operative scheduling order allowed for amended pleadings, approximately six weeks before discovery closed, ten weeks before dispositive motions were due, and four months before trial. (ECF No. 183 at 4.)   Two responses were filed in opposition: one by Sygma, (ECF No. 191), and one by RSS and MSS, (ECF No. 193).   Thus, the pending motion is fully briefed and ripe for adjudication.

After filing their motion for leave to amend, (ECF No. 189), on March 25, 2024, Plaintiffs filed the pending Motion to Amend Scheduling Order.   (ECF No. 211.)   Defendant Sygma responded on April 8, 2024, (ECF No. 238), and Defendants RSS and MSS also responded on April 8, 2024, (ECF No. 241.)   Plaintiffs replied to both responses on April 15, 2024, (ECF Nos. 249, 250.)   As such, this motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

Plaintiffs brought their motion for leave to file third amended complaint under Federal Rule of Civil Procedure 15(a); however, since the motion to amend the complaint came after the Court's entry of the Scheduling Order, the decision on whether to permit the amendment is first guided by Federal Rule of Civil Procedure 16(b)'s "good cause" inquiry.

Under Rule 15(a) of the Federal Rules of Civil Procedure, unless a party is permitted to amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's

4

written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

However, it "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs*., 602 F.3d 597, 603 (4th Cir. 2010) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances).  Delay, while an important consideration, is not sufficient reason to deny an amendment absent a showing of prejudice.  *Frank M. McDermott, Ltd. v. Moretz*, 889 F.2d 418, 421 (4th Cir. 1990).  "'Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing.'"  *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)).

Rule 15(a) imposes a liberal standard.  Rule 16(b), on the other hand, curtails the Court's generosity.  This rule governs the entry of scheduling orders, and provides that once entered, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b). The Fourth Circuit resolved the conflict between these two rules by holding that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."  *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  The "good cause" inquiry focuses on the moving party's diligence and reasons for seeking the amendment. *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003) (citing *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995)).  If the good cause standard of Rule 16(b) is met, then the Court will consider the motion under the more liberal standards imposed under Rule 15(a).  *Stewart*, 212 F.R.D. 494 at 495–96.

5

## III.    DISCUSSION

### A.  Motion for Leave to File Third Amended Complaint

On September 12, 2022, the Court entered a scheduling order establishing a May 1, 2023, deadline for amending the pleadings.[2]  (ECF No. 18.)  Plaintiff filed the pending motion on March 1, 2024, almost one year after the scheduling order's deadline.  Favorable resolution of Plaintiffs' motion thus depends, first, on whether they can present good cause for their untimeliness.

Neither party addresses Rule 16's good cause standard, but the circumstances in which Plaintiffs' motion for leave to amend arises undoubtedly does not demonstrate diligent pursuit of the proposed additional causes of action.

The original complaint brought four counts only against Sygma.  (ECF No. 1-1.)    After engaging in discovery, Plaintiffs filed their SAC on January 9, 2023.  (ECF No. 28.)  As mentioned above, the SAC added RSS, MSS, and Vontize Conerly as defendants.  (*Id.*)  Under the SAC, all the initial four counts brought against Sygma are brought against all the defendants as well as general allegations of vicarious liability and joint venture of the defendants.  (*Id.*)  Now, Plaintiffs seek to amend their SAC by adding additional causes of action against the corporate Defendants relative to the hiring, supervision, training and retention of drivers and other employees; clarifying factual allegations; and more specifically pleading certain causes of action against Defendants Sygma, RSS, and MSS.  (ECF Nos. 189 at 2–4; 189-1.)

However, the issue here is that the information giving rise to these additional causes of action was initially provided to Plaintiffs one year and three months before the filing of their motion to amend, and the most recent relevant discovery was provided more than six months

---

[2] The Scheduling Order set a discovery deadline of December 15, 2023.  (ECF No. 18.)  That deadline was later extended to April 12, 2024; however, the deadline for amended pleadings was not altered.  (ECF No. 183.)

before.  (ECF Nos. 191-A–C; 22; 106; 115.)  The fact that Plaintiffs were aware of the relevant discovery is evidenced by the fact that Plaintiffs filed their SAC in January 2023, adding the additional defendants.  (ECF No. 28.)  Yet, Plaintiffs waited until March 1, 2024—more than six months after receiving the last relevant discovery and four months before trial—to file a motion to amend their SAC.  (ECF No. 189.)

In the circumstances of this case, Plaintiffs did not act with diligence, and therefore, no good cause is shown.  "[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent.  *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quoting 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971)).  In this case, the necessity for altering the pleading to add the relevant causes of action should have become apparent in December 2022 at the earliest, and August 2023, at the latest.  Yet, Plaintiffs waited until March 2024 to seek an amendment, and they have not offered any reason to justify this delay.  In fact, Plaintiffs argue in their reply that Defendants RSS and MSS "have long been aware of the facts giving rise to Plaintiffs' added claims."  (ECF No. 201 at 2.)  This argument shows the absence of any reason on Plaintiffs' part for why they did not file their motion to amend their SAC sooner.  *See Deasy*, 833 F.2d at 38; *Bhambhani v. Neruaxis, Inc.*, No. 22-1764, 2024 WL 2815063 (4th Cir. June 3, 2024) (affirming district court's finding of no good cause when plaintiffs filed their motion for leave to amend 16 months after the deadline for amending the pleadings had lapsed and after they had been aware of the issue giving rise to the proposed amendment for at least four years).

"[T]he 'touchstone' of that good cause requirement is 'diligence.'"  *Faulconer v. Centra Health, Inc.*, 808 Fed.Appx. 148, 152 (4th Cir. 2020) (stating that "[i]f the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint,

then the party cannot establish good cause.")  In this case, there is no dispute that Plaintiffs have had the evidence giving rise to their proposed additional causes of action for at least six months. It is abundantly clear that Plaintiffs did not act with diligence to amend their SAC.  Therefore, they fail to meet the good cause standard of Rule 16(b).

Even if Plaintiffs were able to meet the strict good cause standard imposed by Rule 16(b), they would still fail under the more liberal Rule 15(a) standard.  That is because not only is Plaintiffs' proposed Third Amended Complaint untimely, but it would also prejudice Defendants. This case has been pending for almost two years in this Court.  At the time Plaintiffs filed their motion, Plaintiffs and Defendants have engaged in extensive discovery; numerous depositions have been taken; and Defendants have spent more than a year strategically thinking about how they would present their case at trial.

The Fourth Circuit has held that "[b]elated claims which change the character of litigation are not favored." *Deasy*, 833 F.2d at 42.  While Plaintiffs argue that the character of litigation does not change with the proposed Third Amended Complaint, (*See* ECF Nos. 201, 203), that is not entirely true.  For instance, Plaintiffs have previously alleged that "Defendant Conerly was an employee and/or agent of RSS and/or MSS . . . ."  (ECF No. 28 at 2, ¶ 6.)  Now, the proposed Third Amended Complaint further alleges that Defendant Conerly, "pursuant to 49 C.F.R. Sec. 390.5, was an employee and/or agent of Sygma, RSS, and/or MSS . . . ."  (ECF No. 189-1 at 2, ¶ 6.)  This new characterization of Defendant Conerly as an "employee/and or agent" of Sygma directly effects how Sygma would strategically prepare for trial.  This is one form of prejudice. *See Harding v. Kellam*, No. 97-1360, 1998 WL 406866, at *3 (4th Cir. July 15, 1998) (finding prejudice when a party sought to amend their complaint to allow a section 1981 claim but to do so

8

late in the litigation would have left the other party with little time to make the tactical decision of whether to characterize themselves as an agent of a private corporation or an agent of the United States government).  This is especially harmful considering the SAC was filed over one year ago; thereby causing Sygma to operate under the characterization of Defendant Conerly as an employee and/or agent of RSS and/or MSS.  (*See* ECF No. 28.)  To allow for the proposed Third Amended Complaint to become the operative complaint in this case would require Defendants to engage in a significant undertaking to create a new trial strategy and would likely require that discovery be reopened.

The fact that more discovery would be needed on this is evidenced by Plaintiffs filing a motion for a new scheduling order shortly after filing their motion for leave to file third amended complaint.  (ECF No. 211.)  Indeed, Plaintiffs' proposal in their motion to amend scheduling order extends the discovery deadline by three months to July 31, 2024.  (ECF No. 211 at 5.)  If, as Plaintiffs argue, Defendants would not be prejudiced by having to engage in additional discovery on these new causes of action, then, there would be no need for a three-month discovery extension.

Additionally, Plaintiffs disclosed their expert witnesses on October 31, 2023.  (ECF No. 140.)  According to Sygma, no experts relating to the proposed amended claims were provided. (ECF No. 191 at 6.)  Defendants disclosed their expert witnesses on December 29, 2023.  (ECF Nos. 172, 173.)

While undue delay and prejudice alone would be enough to deny Plaintiffs' motion under Rule 15(a), the Court does acknowledge the whiff of bad faith present in these circumstances.  In January of 2024, the parties jointly agreed to participate in mediation.  (ECF No. 182.)  As a result of that agreement, the parties filed a joint motion seeking additional time under the Scheduling

Order to permit them the opportunity to not conduct additional discovery until they knew the result of the mediation. (*Id.*) Specifically, the parties agreed to delay the remaining depositions. (*Id.*) Mediation was scheduled for March 11, 2024. (*Id.*) On March 4, 2024—three days after Plaintiffs filed their motion for leave to amend—Plaintiffs unilaterally cancelled the mediation that had been scheduled for a month-and-a-half. (ECF No. 191-4.) It appears that instead of using the time between January and March to prepare for the agreed-upon mediation, Plaintiffs instead were reworking their case.

### B.  Motion to Amend Scheduling Order

Since the Court denies Plaintiffs' Motion for Leave to File Third Amended Complaint, (ECF No. 189), there is no good cause to amend the operative scheduling order.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended Complaint, (ECF No. 189), and Plaintiffs' Motion to Amend Scheduling Order, (ECF No. 211), are **DENIED**. The Court sets a telephonic status conference for **Tuesday, June 11, 2024, at 1:30 p.m.** The call-in information for the call is as follows: 304-461-4955, then dial 197 577 75# to be placed on holding pending the start of the call.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     June 7, 2024

_____

THOMAS E. JOHNSTON, CHIEF JUDGE